**Allan WHITE–BEY, Plaintiff–Appellant,**

v.

**John GRIGGS, Defendant–Appellee.**

No. 01–2670.

United States Court of Appeals, Sixth Circuit.

Aug. 1, 2002.

Before RYAN and BOGGS, Circuit Judges; HAYNES, District Judge.*

### ORDER

Allan White–Bey, a Michigan state prisoner, appeals pro se a district court judgment in a civil rights action he filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

White–Bey filed this complaint against the former librarian where he was incarcerated. Because White–Bey was taking a legal writing course, defendant was in charge of his supervision while he was in the law library. The complaint alleged that, on July 23, 1997, defendant required White–Bey to use a typewriter rather than a computer, and White–Bey filed a grievance about this. He was briefly transferred to another prison, and when he returned, he alleged that defendant, in retaliation for the first grievance, told him that there was no computer available for him to use, and required him to sit quietly in the office. White–Bey filed a grievance about this event as well. A few days later, he alleged that defendant filed a misconduct charge against him for disobeying a direct order when he declined to move his desk back to its original position because there was cold air blowing down from the ceiling. The complaint alleged that defendant had violated White–Bey's First Amendment right of access to the courts, had retaliated against him for exercising his First Amendment rights, had inflicted cruel and unusual punishment on White–Bey in violation of the Eighth Amendment, and had violated state law.

Defendant filed a motion to dismiss. The matter was referred to a magistrate judge, who recommended that White–Bey's First Amendment access to court claim, Eighth Amendment claim, and his state law claims be dismissed, but declined to recommend dismissal of the retaliation claim, which had not been addressed in defendant's motion. The district court adopted this recommendation. Defendant then moved for summary judgment on the ground of qualified immunity as to the retaliation claim. The magistrate judge recommended that this motion be denied as well, and defendant objected. The district court rejected the magistrate judge's recommendation and granted summary judgment to defendant.

This court reviews de novo a summary judgment on the ground of qualified immunity. *Stemler v. City of Florence,* 126 F.3d 856, 866 (6th Cir.1997). When reviewing a summary judgment on the basis of qualified immunity, the court first determines whether the complaint alleges a deprivation of a constitutional right, then determines whether that right was clearly established, and finally addresses whether the defendant's alleged action was objectively unreasonable in light of the existing law. *Dickerson v. McClellan,* 101 F.3d 1151, 1157–58 (6th Cir.1996).

In this case, the district court determined that defendant was entitled to qualified immunity because his alleged conduct was not objectively unreasonable in light of the clearly established law at the time, which required that his conduct "shock the conscience." *Cale v. Johnson,* 861 F.2d 943, 949–50 (6th Cir.1988). In doing so, the district court relied on an unpublished

---

* The Honorable William J. Haynes, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

decision from this court which applied the same analysis. *Thaddeus–X v. Wozniak,* No. 99–1720, 2000 WL 712383 (6th Cir. May 23, 2000).

 White–Bey argues on appeal that the correct standard by which defendant's conduct should have been judged is found in *Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999) (en banc), which requires a showing that a prisoner engaged in protected conduct, that an adverse action was taken which would deter a person of ordinary firmness from continuing to engage in such conduct, and that there was a causal connection between the protected conduct and the adverse action. Although this was not the established law at the time of defendant's actions in this case, we conclude that the argument is unavailing at any rate because defendant's conduct would also not be found objectively unreasonable under either standard of review. An inmate has a First Amendment right to file grievances against prison officials, but only if the grievances are not frivolous. *Herron v. Harrison,* 203 F.3d 410, 415 (6th Cir.2000). In this case, White–Bey's grievances concerned being required to use a typewriter rather than a computer, and being required to sit quietly in defendant's office after being told again that there was no computer available for him to use. We conclude that these grievances are frivolous, and as a result do not rise to the level of protected conduct. Moreover, the alleged retaliation was a misconduct report for disobeying a direct order, based on, as White–Bey concedes, his refusal to move his desk back to its original position because there was cold air blowing down from the ceiling. Defendant's version of the facts points out that White–Bey had moved his desk out of defendant's line of sight. Though neither party saw fit to provide the court with a copy of the misconduct report or its disposition, they ap-

parently concede that White–Bey was not punished based on the misconduct. We therefore conclude that no action was taken by defendant which would deter a person of ordinary firmness from filing grievances. Finally, White–Bey submitted no evidence that the misconduct report was causally connected to his earlier grievances, rather than simply a result of disobeying a direct order to move his desk back to its original location. In summary, even under the more lenient standard that now applies to retaliation claims, White–Bey could not overcome defendant's qualified immunity defense, because he could not show that a reasonable government agent would have known that he was violating White–Bey's constitutional rights under the circumstances. *Saylor v. Board of Educ. of Harlan County, Ky.,* 118 F.3d 507, 515 (6th Cir.1997).

As to the claims disposed of in the district court's earlier order, it appears that White–Bey has conceded that he did not assert a valid claim of denial of access to the courts, as he makes no argument to that effect on appeal. To the extent his brief reasserts that defendant violated his Eighth Amendment rights, the proposition that a petty dispute over computer usage and seating arrangements rises to the level of cruel and unusual punishment is ludicrous. Finally, the state law claims were properly dismissed when all of the federal claims were dismissed, pursuant to 28 U.S.C. § 1367(c)(3).

For all of the above reasons, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.